UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 73, ON BEHALF OF ITS ADVERSELY AFFECTED MEMBERS, CHERYL CONDON AND ALL OTHER SIMILARLY SITUATED, <br>     Plaintiffs, <br><br> v. <br><br> COUNTY OF COOK, COUNTY OF COOK HEALTH AND HOSPITAL SYSTEMS, CERMAK HEALTH SERVICES DEPARTMENT, <br>     Defendants. | Case No. 13 cv 2935 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Service Employees International Union, Local 73, ("SEIU") on behalf of its adversely affected members, Cheryl Condon ("Condon") and all others similarly situated (collectively, "Plaintiffs") filed the instant action for employment discrimination claiming disparate treatment and disparate impact. Defendants Cook County, County of Cook Health and Hospital Systems and Cermak Heath Services Department (collectively, "Defendants") now move to dismiss plaintiffs' complaint in its entirety. For the following reasons, Defendants' motion is granted.

**Background**

Plaintiffs are a class of employees over the age of 40 employed by Defendants as Mental Health Specialist Seniors ("MHS Senior") and Mental Health Specialists II ("MHS II"). Plaintiffs allege that, prior to November 2011, their positions did not require a master's degree or state license. On November 21, 2011, Plaintiffs claim they were notified that they would be required to obtain a master's degree and state license as a condition of continued employment. According to Plaintiffs, they were required to apply to an accredited master's degree program by February 15, 2012, enroll in a program by August 1, 2012 and are required to complete a program by June 2015 – on their own time and at their own expense. As a result of the new

1

requirements, Plaintiffs allege Defendants intentionally discriminated against them based on their age in violation of the Age Discrimination in Employment Act ("ADEA").

On May 15, 2012, Condon filed a class action charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on behalf of all affected members. (Dkt. #15, Ex. B to Def.'s Mot. to Dismiss.) On January 1, 2013, the EEOC issued a right to sue letter. (Dkt. #1-1, Ex A to Compl.) Plaintiffs filed suit on April 18, 2013.

Defendants assert four grounds for dismissal: 1) the ADEA preempts the class action procedure under Fed.R.Civ.P. 23; 2) Plaintiffs lack standing pursuant to Fed.R.Civ.P. 12(b)(1); 3) Plaintiffs fail to meet the pleading requirements of Fed.R.Civ.P. 8(a) and thus fail to state a claim under Fed.R.Civ.P. 12(b)(6); and 4) defendants County of Cook Health and Hospital Systems and Cermak Heath Services Department are non-suable entities and should be dismissed from the case.

**Legal Standard**

A motion to dismiss under either Rules 12(b)(1) or 12(b)(6) tests the sufficiency of the complaint. *Gilbert v. Illinois State Bd. of Educ.*, 2008 WL 4390150 (N.D. Ill. Sept. 24, 2008) *aff'd*, 591 F.3d 896 (7th Cir. 2010). In ruling on a motion to dismiss the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor. *Retired Chicago Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010).

Pursuant to Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. The party invoking the federal courts' subject matter jurisdiction bears the burden of proving that the jurisdictional requirements have been met. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**Discussion**

Defendants argue that a class action under the ADEA cannot proceed under Rule 23. Further, Pursuant to Rule 12(b)(1), Defendants assert a factual challenge to plaintiff SEIU's

standing to bring the suit. Plaintiffs concede these arguments and seek leave to file an amended complaint as an opt-in collective action and to withdraw SEIU as class representation.

**1. Plaintiff Condon lacks standing to bring suit**

Defendants argue plaintiff Condon lacks standing to bring suit. The constitutional minimum of standing requires: 1) an injury-in-fact, meaning "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" 2) a causal connection between the injury and the defendant's conduct; and 3) likely redressability through a favorable decision. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (quoting *Lujan,* 504 U.S. at 561–61). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *Id*. However, abstract injury is not enough to establish injury-in-fact. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).

Defendants argue that Condon fails to plead an injury-in-fact giving rise to a case or controversy because she has not been terminated and she fails to allege facts that her termination is imminent. Defendants suggest the only injury Condon alleges to have suffered is further education and state licensure which they argue does not constitute an injury-in-fact under Article III. In response, Condon argues that costs incurred to meet the new educational requirements constitute an injury-in-fact sufficient to confer standing. Further, Plaintiffs state that since filing their complaint, "six employees (and potential class members) have lost their job as a result of the alleged discriminatory policy" and therefore seek leave to file an amended complaint alleging these additional facts. (*Id*. at pp. 5-6.)

As pled, Plaintiffs' complaint fails to allege facts that Condon suffered an injury-in-fact and she therefore lacks standing. To the extent that Condon alleges she has incurred costs in order to comply with the new educational and licensure requirements, such an injury does not constitute "an invasion of a legally protected interest" sufficient to confer standing. Moreover, Condon cannot merely allege that other, unidentified members of the class she purports to represent have suffered an injury, namely termination, but must allege and show that she has personally been injured. *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003); *Leslie v. Bd. of Educ. for Illinois Sch. Dist. U-46*, 379 F. Supp. 2d 952, 958-59 (N.D. Ill. 2005). Without an injury-in-fact,

Condon lacks standing to bring suit on behalf of class members. Therefore, Defendants' motion to dismiss for lack of standing is granted.

**2. Failure to state a claim**

Defendants also argue that Plaintiffs' complaint must be dismissed in its entirety because Plaintiffs do not satisfy pleading requirements. The Court agrees. Even if Condon did have standing to sue, Plaintiffs' complaint fails to state a claim on its face for disparate treatment and disparate impact.

**a. Count I: Disparate treatment**

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may have an action under the ADEA if she suffers a materially adverse change in the terms or conditions of employment because of her age. *E.E.O.C. v. Sears, Roebuck & Co.*, 883 F. Supp. 211, 213 (N.D. Ill. 1995). At the pleading stage a complaint alleging age discrimination a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff because of her age." *Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, 2013 WL 6730885 at *7 (N.D. Ill. Dec. 20, 2013). However, a plaintiff must allege enough factual content to support an inference that the alleged discriminatory program itself was adopted because of its adverse effects on employees over the age of forty. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

Plaintiffs' disparate treatment claim alleges that members of the class are over the age of forty, were adequately performing their jobs, were notified of the new requirements as a condition of continued employment, that the new requirements constitute adverse employment action and were based on the class members' age. (Dkt. #1, Compl. at ¶¶1-26.) Viewing these allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs fail to allege sufficient facts to create an inference that age was the motivating factor for Defendants' new educational and licensure requirements. *Van Antwerp v. City of Peoria*, 627 F.3d 295, 297 (7th Cir. 2010) (plaintiff must show that age actually motivated the adverse employment action, meaning, that age played a role in the employer's decision-making process and had a determinative influence on the outcome). Moreover, Plaintiffs fail to allege facts showing that any class members have been terminated, that the new requirements applied only to MHS Senior

and MSH II employees over the age of forty or that MHS Senior and MSH II employees under the age of forty were treated more favorably than employees over the age of forty. As pled, Plaintiffs fail to state a claim for disparate treatment and Count I is therefore dismissed.

**b. Count II: Disparate impact**

Defendants also challenge Plaintiffs' disparate impact claim arguing it is beyond the scope of Plaintiffs' EEOC charge. Generally, a plaintiff cannot bring an ADEA claim that was not included in the underlying EEOC charge. *Hewitt v. Metro. Water Reclamation Dist. of Greater Chicago*, 2002 WL 31176252 (N.D. Ill. Sept. 30, 2002). A plaintiff may be allowed to proceed, however, where the ADEA claim is like or reasonably related to the EEOC charges and reasonably could be expected to grow out of an EEOC investigation of the charge. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). This standard mandates that claims have a factual relationship and, at a minimum, describe the same conduct and implicate the same individuals. *Id*.

Here, Plaintiffs' EEOC charge alleges Defendants instituted new educational and licensure requirements as a condition of continued employment for MHS Senior and MHS II employees, that "the vast majority" of MHS Senior and MHS II employees are over the age of forty, and since instituting the new requirements Defendants hired MHS III employees under the age of forty. (Dkt. #15, Ex. B to Def.'s Mot. to Dismiss.) Plaintiffs contend that the disparate impact claim was reasonably expected to grow out of the EEOC charge. The Court agrees. A disparate impact claim reasonably could grow from Plaintiffs' EEOC charge of intentional discrimination. *See e.g. Lucas v. Gold Standard Baking, Inc.*, 13 C 1524, 2014 WL 518000 at *3 (N.D. Ill. Feb. 10, 2014) (EEOC charge alleging intentional discrimination did not preclude a disparate impact claim).

Nevertheless, the Court finds that Plaintiffs' complaint fails to state a claim for disparate impact. The Seventh Circuit recently clarified that disparate impact claims may be based on any employment policy, not just a facially neutral policy. *Adams v. City of Indianapolis*, 2014 WL 406772 at *10 (7th Cir. Feb. 4, 2014). Plaintiffs' complaint alleges that the new requirements operate to disqualify employees over the age of 40, negatively impact employees over forty to a statistically significant degree more than it has employees under forty and are not related to class members' duties. (Dkt. #1, Compl. at ¶¶1-19, 29-31.) While basic allegations at the pleadings stage generally suffice, Plaintiffs' allegation contains no factual material to "move the disparate

5

impact claim over the plausibility threshold." *See Adams*, 2014 WL 406772 at *10. Furthermore, Plaintiffs again seek leave to amend their complaint to allege facts not contained within their complaint. (Dkt. #20, Pl. Resp. at p. 10.) For all these reasons, Defendants' motion to dismiss is granted and Count II is dismissed.

**3. Suable entities**

Finally, Defendants contend that defendants Cook County Health and Hospital Systems and Cermak Health Services are not suable entities and should be dismissed from the case. Indeed, as subdivisions or departments of Cook County, neither are suable entities separate from Cook County. *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *see also Manney v. Monroe*, 151 F. Supp. 2d 976, 988 (N.D. Ill. 2001) (finding Cermak Health Systems has no legal existence and therefore is not a suable entity); *Payne v. Cook Cnty. Hosp.*, 719 F. Supp. 730, 731 (N.D. Ill. 1989) (finding county hospital is not a suable entity). Therefore, defendants Cook County Health and Hospital Systems and Cermak Health Services are dismissed as defendants.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' complaint is granted. Defendants Cook County Health and Hospital Systems and Cermak Health Services are dismissed with prejudice as defendants. Plaintiffs are granted leave to file an amended complaint as to defendant County of Cook, as requested throughout their response brief, within 28 days of entry of this order.

IT IS SO ORDERED.

_____
Date: February 26, 2014

Sharon Johnson Coleman
United States District Judge